FILED

98 SEP 10 AM 9:58
U.S. DISTRICT COURT
N.D. OF ALABAMA
ENTERED

SEP 10 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBY LEE HARRIS, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NUMBER |
| SHELBY COUNTY BOARD OF EDUCATION, et al., | ) 95-C-1009-S |
| Defendants. | ) |

## MEMORANDUM OF OPINION
## AWARDING ATTORNEYS' FEES

Based on his status as a prevailing party in this litigation, plaintiff Bobby Lee Harris is entitled to a reasonable attorney's fee. 42 U.S.C. § 1988(b). The three lawyers who have represented the plaintiff seek an aggregate fee of $150,510, at hourly rates of $300 for two of the lawyers and $150 for the third. Finding some of the hours to be duplicative and excessive, and that a $300 hourly rate is unjustified under the circumstances, the court concludes that a fee of $98,242.50 is reasonable.

I

This action was filed on April 24, 1995. Bobby Lee Harris complained that the defendant Shelby County Board of Education ("the Board") denied him the principalship of Vincent High School for racial and retaliatory reasons, in violation of the

Fourteenth and First Amendments to the United States Constitution as embodied in 42 U.S.C. § 1983. The case was tried on May 6, 1996; and three days later, this court entered judgment for Harris and ordered t hat he be given the next high school principalship vacancy. By subterfuge, the defendant board lured Harris into accepting in settlement the principalship of the vocational school, without disclosing to him the vacant principalship of the flagship Thompson High School.[1] On Harris' motion, the settlement agreement was effectively set aside, and the school board was ordered to place Harris into the principalship of Thompson High.

II

There were no novel or difficult legal or factual questions presented in the case. Highly skilled counsel were required for the successful prosecution of the case. By accepting this case, the plaintiff's counsel were not precluded from employment in other cases. No unique time limitations were imposed by the client or the circumstances.

---

[1] The retired principal of Thompson High withdrew his resignation after the court ordered that the plaintiff be instated in the next vacancy. After the "settlement" was reached, the principal again tendered his resignation. Although the plaintiff applied for the job, it was not awarded to him.

2

The customary hourly fee for similar non-contingent representation in the Northern District of Alabama ranges from $130 to $300.

The plaintiff obtained the relief which he sought in this case. In addition to the injunctive relief, he received $25,320.94 in backpay.

The Board concedes "that plaintiff Harris was well-represented by able counsel in this case." Document 52, p. 1. Kenneth L. Thomas, a highly regarded employment and civil rights attorneys in the State of Alabama, is a founding partner of the reputable Montgomery law firm Thomas, Means, & Gillis. Co-counsel Cynthia W. Clinton is a 1985 graduate of the University of North Carolina Law School. She has practiced with the law firm of Thomas, Means, & Gillis since 1991. She is well-regarded in the fields of employment law and constitutional litigation. Theron Stokes has practiced law in Alabama since 1981, specializing in employment law. He has handled numerous federal and state cases since becoming General Counsel of the Alabama Education Association in 1982.

Civil rights cases in the Northern District of Alabama are undesirable generally to the bar for the usual reasons. They are contingent cases, where the win/loss ratios are high. The plaintiff is generally unable to shoulder the litigation costs.

The lawyer must therefore advance substantial "up front" money to prosecute the case. Often, the coffers of the defendant are available for exhaustive, sometimes unnecessary, but always expensive discovery and other pretrial pursuits. Expertise in this specialized area of the law is essential. Stigmatization as a "civil rights" lawyer tends to deter non-contingent clients.

There is no ongoing professional relationship between the plaintiff and his counsel.

In similar cases, over the last ten years, courts have set hourly rates in the range of $120 and $300.

Based on a consideration of the factors in *Johnson v. Ga. Hwy Express*, 488 F.2d 714, 717-19 (5th Cir. 1974), the court concludes that a reasonable hourly rate for Kenneth L. Thomas is $275. For Cynthia Clinton, a reasonable hourly rate is $150. A reasonable rate for Theron Stokes is $200.

### III A.

The Board argues that Theron Stokes is not entitled to an attorney's fee in this case. The court agrees. Basically, as counsel for AEA, Mr. Stokes interviewed the plaintiff, referred him to the law firm of Thomas, Means & Gillis, and monitored the progress of the case. Virtually all of Mr. Stokes' services are

duplicative. He is not entitled to an attorney's fee. *Knight v. State of Alabama*, 824 F.Supp. 1022, 1028 (N.D. Ala. 1993).

B.

In considering the defendant's claim that the requested fee is unreasonable by the plaintiff's attorneys, the court has utilized "Appendix A" attached to Document 52 of the court file. This appendix lists 28 items of work claimed to be "excessive, redundant or otherwise unnecessary," and articulates the basis of the defendant's challenge to each item. Document 52. The Appendix is attached to and incorporated in this opinion.

Insofar as the hours of Theron Stokes are objected to, the objection is sustained for the reasons discussed earlier in this opinion. The court otherwise overrules the defendants' objections to the items numbered 1, 4, 5, 8, 9, 10, 11, 13, 14, 20, 21, 22, 23, 24, and 25.

The court sustains the defendants' objections to the items numbered 2, 3, 6, 7, 12, 16, 17, 18, 19, 26, 27, and 28. The hours which reasonably should/could have been expended by the plaintiff's counsel in the described work is reflected in the following chart.

TIME ALLOCATED BY THE COURT
FOR CHALLENGED WORK

|     |     | Thomas | | Clinton | |
|-----|-----|--------|--------|---------|--------|
|     |     | Hours Claimed | Hours Allowed | Hours Claimed | Hours Allowed |
| 2.  | Drafting complaint and communication re: drafting of complaint | 7.6 | 1 | 5 | 3 |
| 3.  | Reviewed defendants' answer to complaint | 2.0 | .5 | 2.0 | 1 |
| 6.  | Reviewed defendants' responses to plaintiff's discovery requests | 4.0 | 1 | | |
| 7.  | Preparation for depositions | 12 | 7.5 | | 2 |
| 12. | Preparation of pretrial order | 5 | 3.5 | 4.8 | 2.8 |
| 16. | Review final order and permanent injunction | 2.0 | .5 | 1.8 | .5 |
| 17. | Prepared response to defendants' motion motion to stay injunctive relief | 2.5 | .5 | 4.8 | 4.8 |
| 18. | Prepared notice of appearance forms to the 11th Circuit | 1.0 | .5 | .3 | .3 |
| 19. | Prepared interrogatories to defendants | 4.5 | 0 | | |
| 26. | Draft and review plaintiff's motion in opposition to relief from stay filed with 11th Circuit the 11th Circuit | 2.0 | .5 | 9.4 | 3.5 |
| 27. | Review appellate decision in Harris I | 1.5 | .5 | 2.0 | .5 |
| 28. | Communication with counsel | 12.5 | 0 | 31 | 0 |
|     | TOTAL HOURS DISALLOWED | 42.60 | | 46.20 | |

## IV. Contingency For Delay

Because of the considerable delay between payment and the rendition of services by the plaintiff's counsel, an enhancement of twenty percent (20%) is appropriate.

6

V.

The defendant does not dispute that the plaintiff's counsel have reasonably expended $6,844.10 in the prosecution of this case.

By separate order, an attorneys' fee and expense reimbursement in the amount of $105,086.60 will be awarded.

DONE this 9th day of September, 1998.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON

# Appendix A
## Excessive, Redundant or Otherwise Unnecessary Work

| Description of Work | Time Billed By | | | Excessive Amount | Reason |
|---|---|---|---|---|---|
| | Ken Thomas | Theron Stokes | Cynthia Clinton | | |
| 1. Telephone conversation with Harris re: application for principal's position at Vincent | .3 | 4/9/94, 5/9/15/94 | | .3 Thomas .9 Stokes | This charge is billed for work done prior to events giving rise to the lawsuit, plaintiff applying for the job in question. There is no reason an administrator should contact an attorney, much less two attorneys prior to applying for a job in the system. |
| 2. Drafting complaint and communication re: drafting of complaint | 1.6 [10/31/94 prepared outline for complaint on selection of principal at Vincent] 4 [4/3/95 drafted complaint] 3.5 [4/23/95 reviewed and revised complaint] 1.0 [4/24/95 filed complaint] | .5 [3/31/95 tcw client re: filing of complaint] 4 [4/4/95 tcw client re filing of complaint] .5 [4/10/95 reviewed and discussed complaint with Atty. Thomas] .5 [4/24/95 tcw Atty. Thomas re complaint] .5 [5/2/95 tcw client and Atty. Thomas re complaint-Birmingham News re: same] | 3.5 [4/18/95 reviewed and revised complaint] 1.5 [5/24/95 prepared memorandum to file re: service of complaint on defendants and elements of prima facie case for retaliation] | 7.1 Thomas 2.4 Stokes 3.5 Clinton | The complaint is virtually identical to the complaint filed in Bobby Harris I. Both are attached as Exhibits B1 and B2. It should take atty Clinton no more than 1.5 hrs to change the relevant words in the complaint and Thomas no more than ½ hour to review complaint. Counsel is attempting to charge $3,750 (10 hrs at $300/hr and 5 hrs at $150/hr), the cost of two laptop computers for changing the wording of a previously filed complaint on the word processor. |

# Appendix A
## Excessive, Redundant or Otherwise Unnecessary Work

| Description of Work | Time Billed By | | | Excessive Amount | Reason |
|---|---|---|---|---|---|
| 3. Reviewed defendants' answer to complaint | 2.0 [6/5/95] | 2.0 [6/15/95] | 2.0 [6/1/95] | 1.5 Thomas 2.0 Stokes 1.5 Clinton | The answer is six total pages in length and sets forth a few affirmative defenses which civil rights experts would certainly anticipate. Having three lawyers charge this time is excessive. Answer is attached as Exhibit C. |
| 4. Review defendants' initial discovery disclosures | 1.0 [8/4/95] | 1.0 [8/3/95] | .8 [8/3/95] | 1.0 Stokes .8 Clinton | These three entries are redundant. |
| 5. Legal Research - race discrimination and retaliation under Title VII | 3.8 [8/8/95] | | | | It is, or should be, unnecessary for an experienced civil rights attorney to spend 3.8 hrs researching any issue in this case. Additionally, Bobby Harris I contained the same legal and factual issues and plaintiffs' counsel would have learned these issues in Harris I. |
| 6. Reviewed defendants' responses to plaintiffs' discovery requests | 4.0 [10/25/95] | | | 3.0 | Defendants' interrogatory answers were nine pages in length. They are attached as Exhibit D. An experienced attorney should not spend half a work day reviewing a nine page document. |
| 7. Preparation for depositions | 4.5 [11/15/95] | 3.0 [11/19/95] | 5.0 [11/19/95] | 4.5 Thomas 5.0 Stokes 5.0 Clinton | Plaintiff had already deposed Norma Rogers concerning these same issues in Harris I. Therefore, Mr. Thomas would not need to spend 12 hours or $3600 preparing for a deposition. Additionally, only one lawyer can take the deposition and it is unnecessary for three lawyers to prepare for depositions. |
| | 7.5 [11/20/95] | 2.0 [11/20/95] | | | |
| 8. Deposition of defendants in Columbiana | 10.5 [11/21/95] | 10.5 [11/21/95] | 10.5 [11/21/95] | 10.5 Stokes 10.5 Clinton | It is unnecessary to have three lawyers attend the same depositions. One lawyer for the defendants attended the depositions. |
| 9. Review deposition transcripts of Rogers, Harris and Major | 3.0 [12/9/95] | | | 3.0 Thomas | Reviewing transcripts of depositions taken 2½ weeks earlier is redundant and unnecessary. |

# Appendix A
## Excessive, Redundant or Otherwise Unnecessary Work

| | Description of Work | Time Billed By | | Excessive Amount | Reason |
|---|---|---|---|---|---|
| 10. | Attended depositions | 7.5 [1/17/96] | 7.5 [1/17/96] | 7.5 Stokes | Having two lawyers present at depositions is unnecessary and excessive. |
| 11. | Attended depositions | 6.5 [2/14/96] | 6.5 [2/14/96] | 6.5 Stokes | Having two lawyers present at depositions is unnecessary and excessive. |
| 12. | Preparation of pretrial order | 3.5 [3/19/96] .5 [3/20/96] 1.5 [3/20/96] .8 [3/27/96] | 2.8 [3/21/96] 2.0 [3/22/96] | 3.5 Thomas 1.3 Stokes 2.0 Clinton | Plaintiffs' counsel billed a total of 11.1 hours for preparing a pretrial order. After deducting the 6.8 "excessive hours," plaintiff would be paid 4.3 hours for preparing a standard pretrial order. Defendants suggest that experienced attorneys could prepare the order in 4.3 hours. |
| 13. | Attended pretrial conference | 5.5 [3/28/96] | 5.5 [3/28/96] | 5.5 Stokes | Mr. Stokes did not attend the pretrial conference. |
| 14. | Trial preparation | 5.0 [4/30/96] 5.0 [5/1/96] 5.0 [5/4/96] 5.0 [5/5/96] 8.4 [5/6/96] | | 28.4 Stokes | The trial of this case did not require three lawyers. Mr. Stokes was the third lawyer. |
| 15. | Appearance in trial | 9.0 [5/6/96] | | 9.0 Stokes | The trial of this case did not require three lawyers. Mr. Stokes was the third lawyer. |

# Appendix A
## Excessive, Redundant or Otherwise Unnecessary Work

| | Description of Work | Time Billed By | | | Excessive Amount | Reason |
|---|---|---|---|---|---|---|
| 16. | Review final order and permanent injunction. | 2.0 [5/13/96] | 2.0 [5/13/96] | 1.8 [5/13/96] | 1.5 Thomas 1.5 Stokes 1.3 Clinton | Defendants submit that reading the court's order would only take ½ hour rather than two hours each for three lawyers. Order is attached as Exhibit E. |
| 17. | Prepared response to defendants' motion to stay injunctive relief. | 1.0 [5/14/96] 1.5 [5/18/96] | 1.2 [5/14/96] 1.1 [5/16/96] 1.3 [5/17/96] 1.0 [5/18/96] | 3.4 [5/17/96] 1.4 [5/20/96] | 3.0 Thomas 4.6 Stokes | From the time sheets, it appears Clinton prepared the motion. Simply reviewing the motion prior to filing by Thomas should take no more than ½ hour. Again, Stokes' time is excessive as three lawyers are not needed for this task. |
| 18. | Prepared notice of appearance forms to the 11th Circuit. | 1.0 [6/14/96] | 1.0 [6/14/96] | .3 [6/17/96] | 1.0 Stokes .3 Clinton | Simply filing notice of appearance forms to the 11th Circuit should have taken no more than one hour. |
| 19. | Prepared interrogatories to defendants. | 4.5 [8/1/95] | | | 4.5 Thomas | This time entry is for 1995 and is included in the 1996 entries. Atty Thomas already billed 2.0 hours for interrogatories on 8/2/95. |
| 20. | Reviewed 9/6/96 settlement letter from Donald Sweeney. | .3 [9/6/96] | .6 [9/6/96] | .6 [9/6/96] | .3 Stokes .3 Clinton | Atty Thomas read this settlement letter in 18 minutes. It should not take other lawyers 36 minutes each to read this same letter. |
| 21. | Prepared motion for plaintiff's relief from stay. | 3.8 [9/11/96] | | .4 [9/9/96] 3.2 [9/10/96] | 3.3 Thomas | From the time records, it appears Clinton prepared the motion. Thomas reviewed the motion, which should take no more than ½ hour. |
| 22. | Prepared for hearing on plaintiff's motion for relief from stay. | 2.0 [9/18/96] | 2.8 [9/18/96] | .8 [9/18/96] | 2.8 Stokes | Three lawyers were not needed to represent plaintiff at this hearing, and, therefore, all did not need to prepare. |
| 23. | Attendance in court on plaintiff's motion for relief from stay. | 4.5 [9/19/96] | 7.8 [9/19/96] | 7.8 [9/19/96] | Stokes 7.8 | Three lawyers were not needed to represent plaintiff at this hearing. |

# Appendix A
## Excessive, Redundant or Otherwise Unnecessary Work

| | Description of Work | Time Billed By | | | Excessive Amount | Reason |
|---|---|---|---|---|---|---|
| 24. | Reviewed defendants' reply brief in opposition to plaintiff's motion for relief from stay; prepared response. | 2.5 [9/25/96] | 2.0 [9/25/96] | 4.9 [9/26/96] | 2.0 Thomas 2.0 Stokes | From the time sheets, it appears Clinton prepared a response. Three lawyers are not needed for this task. Reviewing the brief should take Thomas no more than ½ hour. |
| 25. | Reviewed court's 10/9/96 order partially lifting stay. | 1.0 [10/10/96] | 1.0 [10/10/96] | 1.4 [10/10/96] | .9 Thomas .9 Stokes 1.0 Clinton | This order is five pages (attached). It takes no longer than two minutes to read entirely. |
| 26. | Draft and review plaintiff's motion in opposition to relief from stay filed with the 11th Circuit. | 2.0 [10/24/96] | 1.0 [10/24/96] | 3.5 [10/22/96] 5.9 [10/24/96] | 2.0 Thomas 1.0 Stokes 8.4 Clinton | This motion is 4 ½ pages in length. It is virtually identical to the motion for relief from stay plaintiff filed in district court for which counsel charged 7.4 hours. Simply changing caption of pleading to read "[E]leventh Circuit" should take no more than one hour [both motions are attached.] |
| 27. | Review appellate decision in Harris I. | 1.5 [11/20/96] | 2.0 [11/20/96] | | 1.5 Thomas 2.0 Stokes | First, the time stated is excessive to review the court's six page opinion. Secondly, attorneys' fees for Harris I (for which time should be appropriately billed to read opinion) were settled by the parties for $75,000. |
| 28. | Communication with counsel. | 12.5 | .31 | 17.2 | 7.5 Thomas 26.0 Stokes 12.2 Clinton | |

EXCESSIVE HOURS:  
Thomas    49.1  
Stokes    129.9  
Clinton    46.8  

TOTAL:    225.8